UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 08 2012


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CHRISTOPHER BLAKNEY, | \* | CIV. 10-4120 |
| | \* | CR 03-40095 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher Blakney ("Blakney") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Blakney challenges the 2009 supervised release revocation proceedings. The government has filed its response to the motion. For the following reasons, the motion will be denied.

## BACKGROUND

An indictment was returned against Blakney on October 23, 2003, charging him with conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 846. Blakney entered a plea of guilty to the offense on December 2, 2003. On June 21, 2004, Blakney was sentenced to 96 months' imprisonment and four years' supervised release.[1] He filed an appeal, but then moved to dismiss the appeal. The motion to dismiss was granted by the Eighth Circuit on July 12, 2005. Blakney began his four year period of supervised release on February 23, 2007.

As one of the conditions of his supervised release, Blakney was required to submit to a warrantless search of his person, residence, place of business, or vehicle, at the discretion of the probation office. He was advised of this condition by this Court at his sentencing hearing, and the

---

[1] Later, Blakney's sentence was reduced to 48 months.

condition was set forth in the judgment and the amended judgment in his case. Prior to his release from prison, Blakney signed a Supervision Release Plan which included the provision for warrantless searches. (*See* Doc. 13, Affidavit of Roy Weber.) Blakney's probation officer met with Blakney when he began his term of supervised release and reviewed the terms and conditions of supervised release with him, including the provision for warrantless searches. (*Id.*)

Beginning in March of 2009, while on supervised release, Blakney committed a number of violations. (*See* Doc. 73 in CR 03- 40095, Petition to Revoke Supervised Release.) In May of 2009, Blakney's federal probation officer was in contact with the Narcotics Unit at the Minnehaha County Sheriff's Department regarding alleged drug activity at Blakney's residence. (*Id.*) Blakney was arrested on June 22, 2009, for Driving With a Revoked License and for three outstanding warrants in Lincoln County, South Dakota, for Failing to Appear for Renewal License Plate Registration, Substituting License Plates, and a Seatbelt ticket. (*Id.*) His federal probation officer conducted a search of Blakney's residence on June 22, 2009, seizing pipes, bags, tubes and a digital scale with methamphetamine residue, along with ammunition and a book entitled "Advanced Techniques of Clandestine Psychedelic and Amphetamine Manufacturer." (*Id.*)

A Petition to Revoke Blakney's Supervised Release was filed on June 24, 2009. (Doc. 73.)[2] His initial appearance was held on July 23, 2009. (Doc. 77.) On July 30, 2009, a revocation hearing was held before Magistrate Judge John Simko. Blakney admitted allegations numbered 1, 2, 4 and 7 of the Petition. (Docs. 84, 86.) The dispositional hearing was held on August 24, 2009, at which time Blakney's admissions were accepted and he was sentenced to 21 months' imprisonment with no supervised release to follow. (Docs. 93, 94.)

This § 2255 Motion followed. As grounds for his motion, Blakney contends (1) the probation officer did not have permission to search Blakney's residence; (2) imposition of the warrantless search condition was an unconstitutional delegation of authority to the probation office;

---

[2]This and the following citations in this paragraph are to docket entries in Blakney's criminal case, CR 03-40095.

and (3) his Fourth Amendment rights were violated when his home was searched without a warrant or valid search condition. The government requests the motion be dismissed because it fails to state a claim cognizable under 28 U.S.C. § 2255.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. An evidentiary hearing is not warranted if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Blakney's claims do not require the introduction of evidence outside the record, so an evidentiary hearing is not required.

Because Blakney filed a motion pursuant to 28 U.S.C. § 2255 on November 12, 2004 (CIV 04-4181), the government asserts that Blakney's pending § 2255 motion must be dismissed as a second or successive motion. The 2004 motion challenged a 12-month sentence for revocation of Blakney's supervised release in a 1997 criminal case, CR 97-40062. The pending motion challenges Blakney's 2009 revocation of supervised release in CR 03-40095. Because Blakney's pending § 2255 challenge is based on claims that could not have been brought in his first habeas petition filed in 2004, he need not obtain permission from the Eighth Circuit to file a second or successive motion.

The government also argues that relief is not available under § 2255 because Blakney is no longer in custody.[3] The government quotes the language of 28 U.S.C. § 2255 which states that "[a] prisoner in custody under sentence of a court. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Supreme Court has held,

---

[3]Blakney was released from custody on January 10, 2011.

3

however, that where a petitioner makes a claim for relief under 28 U.S.C. § 2255 before being released from confinement, the claim does not automatically become moot upon his release. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (case not moot even though movant was released from prison because the federal conviction could have collateral consequences in the future and movant was still in custody when he filed the § 2255). The Court finds it is possible Blakney will be on supervised release again and that the condition in question may be enforced against him. Thus, the claim is not moot.

Claims Procedurally Defaulted

To ensure § 2255 proceedings are not used as a substitute for direct appeal, the courts have created a "procedural default" doctrine. Under that doctrine, except for claims of ineffective assistance of counsel, § 2255 relief is generally barred for any claim that could have been raised on direct appeal, but was not. The right of collateral review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Under the doctrine of procedural default, issues that could have been, but were not, raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *See United States v. Bailey*, 235 F.3d 1069, 1071-72 (8th Cir. 2000). Blakney has not established cause, prejudice or actual innocence. These hurdles are intentionally high ones to surmount, as the Supreme Court has concluded that respect for the finality of judgments demands that "a collateral challenge may not do service for an appeal," except in exceptional circumstances. *See United States v. Frady*, 456 U.S. 152, 165 (1982). Blakney's claims regarding the search of his residence are procedurally defaulted. Blakney's motion lacks merit, however, and the Court will deny the motion on its merits rather than on procedural grounds.

Merits

Under the Fourth Amendment to the United States Constitution[4] warrantless searches and seizures are unreasonable and therefore prohibited except for a few established exceptions. *See, e.g. Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). A probationer has limited Fourth Amendment rights, however, because of a diminished expectation of privacy. *See Griffin v. Wisconsin*, 483 U.S. 868, 873–74 (1987). "A probationer's home like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable,'" *id.*, *but* the requirement that a probation officer obtain a warrant based upon probable cause before conducting a search does not apply to a probationer because, as the Supreme Court explained:

> Probation, like incarceration, is a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty. Probation is simply one point (or, more accurately, one set of points) on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service. A number of different options lie between those extremes, including confinement in a medium- or minimum-security facility, work-release programs, halfway houses, and probation-which can itself be more or less confining depending upon the number and severity of restrictions imposed.

*Id.* at 874 (citations and quotations omitted). Thus, the Court concluded, "[t]o a greater or lesser degree, it is always true of probationers (as we have said it to be true of parolees) that they do not enjoy 'the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observance of special [probation] restrictions.'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Consequently, reasonable restrictions upon liberty and privacy are allowed and are necessary "to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." *Id.* at 875 (citing *State v. Tarrell*, 74 Wis.2d 647, 247 N.W.2d 696, 700 (1976)). For these reasons a warrantless search of Blakney's residence did not violate the Fourth Amendment since Blakney was on supervised release and his

---

[4]The Fourth Amendment to the United States Constitution mandates that:
[T]he right of the people to be secure in their persons, houses, papers, and effect, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

probation officer had reason to believe Blakney was committing crimes and violating the conditions of his release.

In *United States v. Smith*, 655 F.3d 839 (8th Cir. 2011), the Eighth Circuit recognized that district courts may impose suspicionless searches as a condition of supervised release, *id.* at 846, and such a condition is not an improper delegation of authority to the probation office if the district court does not relinquish final authority over the conditions of supervised release, *id* at 848. This Court always retained ultimate authority over the conditions of Blakney's release. Blakney has a long history of criminal acts and violating supervised release conditions,[5] and it was appropriate to make suspicionless searches a condition of his supervised release to ensure that he complied with the conditions and did not again engage in criminal activity. Before and after Blakney was placed on supervised release, this condition was explained to him. The Petition to Revoke Supervised Release shows that, prior to searching Blakney's residence, the probation officer had reason to suspect Blakney of violating conditions of supervised release and of engaging in criminal activity. It was reasonable for the probation officer to enter Blakney's residence, and the search did not violate Blakney's Fourth Amendment rights.

Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Blakney has not made such a showing. Accordingly,

---

[5]Blakney's supervised release was revoked twice in CR 97-40062. At the time of the second revocation proceedings, Blakney was under indictment in this drug case, CR 03-40095. The 96-month prison sentence in this drug case was imposed to run consecutively to Blakney's sentence for violation of his supervised release in CR 97-40062. (*See* Doc. 45 in CR 03-40095).

IT IS ORDERED that:

1. Christopher Blakney's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc 1, is DENIED; and

2. A Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 8th day of June, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY

7